IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:13-cr-23-K |
| | § | |
| JEFFREY DEAN HOWARD, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By an electronic order dated April 16, 2021, United States District Judge Ed Kinkeade referred this matter to the undersigned United States magistrate judge to conduct a hearing on the alleged violations contained in the Petition for Person Under Supervision filed with the Court on January 21, 2021 [Dkt. No. 41] and Addendum to the petition [Dkt. No. 46] to make findings and a recommendation for modification, revocation, or termination of the defendant's term of supervised release, including a recommended disposition under 18 U.S.C. § 3583(e). *See* Dkt. No. 53.

Defendant Jeffrey Dean Howard personally appeared in person and through counsel for a final revocation hearing over VTC (over Zoom) on June 23, 2021.

After consideration of the filings, evidence, testimony, oral argument, and applicable law, the undersigned recommends that Defendant's terms of supervised release should be revoked as explained below.

-1-

## Background

Defendant Jeffrey Dean Howard was sentenced to a sentence of 66 months, followed by a 3-year supervised release term, for the offense of Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Defendant began his term of supervised release on July 1, 2019.

## A.    **Alleged Violations**

On January 21, 2021, the supervising United States Probation Officer (USPO) submitted a petition for offender under supervision (Petition) alleging the following:

### Previous Court Notifications

On August 5, 2020, a Report on Person Under Supervision was submitted to the Court due to Jeffrey Dean Howard testing positive for illegal controlled substances more than three times over the course of one year. Mr. Howard tested positive for illegal controlled substances on five occasions between January and July 2020. The U.S. Probation Office recommended no Court action, and that Mr. Howard be exempted from mandatory revocation and be allowed to participate in residential treatment to address his substance abuse needs. On August 12, 2020, You Honor agreed with this recommendation.

These violations and others are listed below.

### I.

**Violation of Mandatory Condition**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or

any paraphernalia related to any controlled substances, except as prescribed by a physician.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

### Nature of Noncompliance

Jeffrey Dean Howard violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in January 2020. On January 30, 2020, Mr. Howard submitted a urine specimen at Phoenix Associates Counseling Services (PACS) in Garland, Texas, which returned positive for marijuana. On February 14, 2020, Mr. Howard verbally admitted to U.S. Probation Officer Bevan Vaughan (USPO Vaughan) to using marijuana in December 2019.

Mr. Howard violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in February 2020. On February 7, 2020, Mr. Howard submitted a urine specimen at PACS which returned positive for marijuana. The specimen was confirmed positive for marijuana by Alere Toxicology Services (Alere).

Mr. Howard violated these conditions of supervised release by using and possessing cocaine and methamphetamine, both illegal controlled substances, in June 2020. On June 29, 2020, Mr. Howard submitted a urine specimen at PACS which returned positive for cocaine and amphetamine. On June 30, 2020, Mr. Howard verbally admitted to USPO Vaughan to using cocaine and methamphetamine in June 2020. The specimen was also confirmed positive by Alere.

Mr. Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in July 2020. On July 9, 2020, Mr. Howard submitted a urine sample at PACS which returned positive for amphetamine. On July 21, 2020, Mr. Howard verbally admitted to USPO Vaughan to using methamphetamine on July 4, 2020. The specimen was also confirmed positive by Alere.

Mr. Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance in July 2020. On July 30, 2020, Mr. Howard submitted a urine sample at PACS which returned positive for amphetamine. On August 4, 2020, Mr. Howard verbally admitted to USPO Vaughan to using methamphetamine on July 25, 2020.

Mr. Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in October 2020. On October 20, 2020, Mr. Howard submitted a urine specimen at PACS which returned positive for amphetamine. The specimen was confirmed positive for methamphetamine by Alere. Mr. Howard denied any use of illegal controlled substances.

Mr. Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in November 2020. On November 23, 2020, Mr. Howard submitted a urine specimen at PACS which returned positive for amphetamine. The specimen was confirmed positive for methamphetamine by Alere. Mr. Howard denied any use of illegal controlled substances.

Mr. Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in November 2020. On November 25, 2020, Mr. Howard submitted a urine specimen at PACS which returned positive for amphetamine. The specimen was confirmed positive for methamphetamine by Alere. Mr. Howard denied any use of illegal controlled substances.

Mr. Howard violated these conditions of supervised release by failing to submit a urine specimen at PACS on October 5, November 21, November 24, and December 28, 2020.

## Personal History

Jeffrey Dean Howard commenced his term of supervised release in the Northern District of Texas, Dallas Division, on July 1, 2019. Mr. Howard has maintained a stable residence and is currently employed by Charity Shoes and Clothing in Dallas, Texas. Mr. Howard completed the Residential Drug Abuse Program (RDAP) while in custody at the Federal Bureau of Prisons. Mr. Howard also participated in a work release program at ABODE Treatment, Incorporated in Dallas, Texas, as a condition of his parole with the Texas Department of Criminal Justice Parole Division. Mr. Howard was discharged from the program in September 2019.

USPO Vaughan referred Mr. Howard to the Supportive Outpatient Program (SOP) at PACS in June 2020 due to Mr. Howard testing positive for illegal substances. However, Mr. Howard continued to use illegal substances while in SOP. Subsequently, the Court was notified, and Mr. Howard was referred to residential drug treatment at the Salvation Army in Dallas, Texas. Mr. Howard entered the program on August 10, 2020 and was successfully discharged on September 9, 2020. Mr. Howard was referred to the Intensive Outpatient Program (IOP) at PACS following his discharge from the Salvation Army. Mr. Howard made satisfactory progress while in the IOP, and transitioned to the SOP in November 2020. However, on November 6, 2020, USPO Vaughan was notified Mr. Howard submitted a drug test at PACS on October 20, 2020, which returned positive for amphetamine. Mr. Howard denied any illegal drug use despite the sample confirming positive for methamphetamine.

USPO Vaughan and Mr. Howard's substance abuse counselor, Joshua Rivas, completed a treatment team meeting with Mr. Howard via telephone on November 18, 2020. Mr. Howard admitted to associating with individuals who were using illegal substances after his release from the Salvation Army but denied personally using any illegal substances. USPO Vaughan reflected on Mr. Howard's history of illegal drug use. Mr. Howard admitted he has used illegal substances to cope with stress. USPO Vaughan is trained in Staff Training Aimed at Reducing Re-Arrest (STARR) and utilized STARR Effective Use of Disapproval to address Mr. Howard's use of illegal substances to cope with stress, as well as his negative social networks. USPO Vaughan discussed the problem behaviors and explored pro-social alternatives for Mr. Howard to use in the future to assist him in living a crime-free lifestyle. Despite the efforts of the U.S. Probation Officer, Mr. Howard continued to violate the terms and conditions of his supervised release.

Dkt. No. 41 at 1-3.

On March 10, 2021, the Court issued a summons for Defendant. *See id.* at 5; Dkt. No. 42. He made his initial appearance on January 22, 2021. *See* Dkt. No. 43. He was released on conditions pending a final revocation hearing. *See* Dkt. No. 51.

On March 12, 2021, the USPO submitted a First Addendum to the Petition (First Addendum), alleging the following:

Since the Protect Act of Supervised Release Petition for Person Under Supervision was filed on Janumy 8, 2021, and the first addendum file on March

12, 2021, Jeffrey Dean Howard has further violated his conditions of supervised release as follows:

## I.

### Violation of Mandatory Condition

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the comt.

### Violation of Standard Condition No. 7

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants dming and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

### Nature of Noncompliance

Jeffrey Dean Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in May 2021. On May 19, 2021, Mr. Howard submitted a urine specimen at Phoenix Associates Counseling Services, Inc. (PACS) in Garland, Texas, which returned positive for amphetamine. This sample was confirmed positive for methamphetamine by Alere Toxicology Services, Inc. (Alere).

Jeffrey Dean Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in April 2021. On April 27, 2021, Mr. Howard submitted a urine specimen at PACS in Garland, Texas, which returned positive for amphetamine. This sample was confirmed positive for methamphetamine by Alere.

Jeffrey Dean Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in April 2021. On April 20, 2021, Mr. Howard submitted a urine specimen at PACS in Garland, Texas, which returned positive for amphetamine. This sample was confirmed positive for methamphetamine by Alere. Furthermore, on May 13, 2021, Mr. Howard verbally admitted to U.S. Probation Officer Bevan Vaughan to using methamphetamine on April 17, 2021.

Jeffrey Dean Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in March 2021. On March 25, 2021, Mr. Howard submitted a urine specimen at PACS in Garland, Texas, which returned positive for amphetamine. This sample was confirmed positive for methamphetamine by Alere.

Mr. Howard violated these conditions of supervised release by failing to submit a urine specimen at PACS on March 18 and May 29, 2021.

***The additional violation conduct DOES NOT affect the Statutory Provisions or Chapter 7 Violation Computations previously reported.***

Dkt. No. 46 at 1-2.

Judge Kinkeade ordered on March 12, 2021 that the First Addendum be filed and that "[t]he additional violations be added to the Probation Form 12C order filed on January 21, 2021." *Id.* at 3.

On June 9, 2021, the USPO submitted a Second Addendum to the Petition (Second Addendum), alleging the following:

Since the Protect Act of Supervised Release Petition for Person Under Supervision was filed on January 8, 2021, and the first addendum file on March 12, 2021, Jeffrey Dean Howard has further violated his conditions of supervised release as follows:

## I.

### Violation of Mandatory Condition

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The

defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## Violation of Standard Condition No. 7

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

## Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

## Nature of Noncompliance

Jeffrey Dean Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in May 2021. On May 19, 2021, Mr. Howard submitted a urine specimen at Phoenix Associates Counseling Services, Inc. (PACS) in Garland, Texas, which returned positive for amphetamine. This sample was confirmed positive for methamphetamine by Alere Toxicology Services, Inc. (Alere).

Jeffrey Dean Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in April 2021. On April 27, 2021, Mr. Howard submitted a urine specimen at PACS in Garland, Texas, which returned positive for amphetamine. This sample was confirmed positive for methamphetamine by Alere.

Jeffrey Dean Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in April 2021. On April 20, 2021, Mr. Howard submitted a urine specimen at PACS in Garland, Texas, which returned positive for amphetamine. This sample was confirmed positive for methamphetamine by Alere. Furthermore, on May 13, 2021, Mr. Howard verbally admitted to U.S. Probation Officer Bevan Vaughan to using methamphetamine on April 17, 2021.

Jeffrey Dean Howard violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in March 2021. On March 25, 2021, Mr. Howard submitted a urine specimen at PACS in Garland, Texas, which returned positive for amphetamine. This sample was confirmed positive for methamphetamine by Alere.

Mr. Howard violated these conditions of supervised release by failing to submit a urine specimen at PACS on March 18 and May 29, 2021.

***The additional violation conduct DOES NOT affect the Statutory Provisions or Chapter 7 Violation Computations previously reported.***

Dkt. No. 58 at 1-2.

Judge Kinkeade ordered on March 12, 2021 that the Second Addendum be filed and that "[t]he additional violations be added to the Probation Form 12C order filed on January 21, 2021 and the first addendum filed on March 12, 2021." *Id.* at 4.

## B.    <u>Revocation Hearing</u>

Defendant appeared with counsel for a final VTC revocation hearing on June 23, 2021. After his consents and competence were established, Defendant testified under oath that he understood the violations alleged in the Petition and the First Addendum and Second Addendum and the range of punishment for those violations. He understood that he had the right to plead not true and have a hearing concerning whether he committed those violations. Defendant knowingly and voluntarily consented to enter his plea to the violations alleged in the Petition and the First Addendum and Second Addendum before a United States Magistrate Judge and waived any right to allocute before Judge Kinkeade before sentence is imposed. He agreed to – and did – plead true to the alleged violations numbered I in the Petition and as I in the First Addendum and as I in the Second Addendum.

And Defendant's counsel and Defendant and the government each made statements related to the appropriate disposition or punishment on revocation for these violations. Defendant's counsel argued for an exception to mandatory revocation, and the undersigned finds that Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violation include failed drug tests. Defendant's counsel urged the Court to continue Defendant on release and direct him to an in-patient treatment program. The government urged that Defendant be revoked and sentenced at the bottom of the recommended 8-14 month range. Defendant himself expressed remorse and took responsibility for his actions and noted that he is doing well and is sober at this time and that his family has taken notice.

At the conclusion of the hearing, the undersigned orally recommended that the pleas of true to the alleged violations numbered I in the Petition and as I in the First Addendum and as I in the Second Addendum be accepted by Judge Kinkeade, that Judge Kinkeade find that Defendant violated his supervised release conditions as alleged, that Defendant's terms of supervised release be revoked, and that he be sentenced to an additional term of imprisonment of 6 months with no additional term of supervised release. And Defendant was advised of his right to object to these recommendations to Judge Kinkeade.

## Analysis

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> ***
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> ***
> (4) the kinds of sentence and the sentencing range established for--
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
> > > (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> > > (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
> > (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing

Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).

The United States Court of Appeals for the Fifth Circuit has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011). Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *See United States v. Tapia*, 131 S. Ct. 2382 (2011).

Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. *See* 18 U.S.C. § 3583(g). But 18 U.S.C. § 3583(d) also provides that "[t]he court shall consider whether the availability of appropriate substance

-12-

abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." 18 U.S.C. § 3583(d); *see also United States v. Brooker*, 858 F.3d 983 (5th Cir. 2017) (noting the issue of whether the Section 3853(d) exception applies where the established violations of a defendant's conditions of supervised release include more than failing a drug test).

Based on Defendant's knowing and voluntary pleas of true to the alleged violations numbered I in the Petition and as I in the First Addendum and as I in the Second Addendum, Defendant has violated his conditions of supervised release, and revocation of his supervised release is mandatory. Even insofar as Section 3583(d) requires the Court to consider the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, as a possible exception to mandatory revocation where Defendant's violation include failing to comply with drug testing and more than 3 positive drug tests over the course of 1 year, the Court should not, in its discretion, apply this exception where the Court has given Defendant the benefit of this exception once before and where Defendant has repeatedly failed to take advantage of the opportunities at substance abuse treatment that he has been afforded. Because Defendant has been unable or unwilling to follow his conditions of supervised release, as reflected in his drug use even after going through every kind of treatment available and even after his release pending this revocation hearing, after considering the

relevant factors identified in § 3583(e) that are set forth in § 3553(a), a term of incarceration is warranted to appropriately address his violations.

As set out in the Petition and the Addendum, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is 3 years. *See* Dkt. No. 41 at 4 (citing 18 U.S.C. § 3583(e)(3)); Dkt. No. 46 at 2 (same); Dkt. No. 58 at 2 (same). Based upon a violation grade of C and a criminal history category of VI, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a) is 8-14 months. *See* Dkt. No. 41 at 4; Dkt. No. 46 at 2; Dkt. No. 58 at 3. Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* Dkt. No. 41 at 4 (citing 18 U.S.C. § 3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009)); Dkt. No. 46 at 2 (same); Dkt. No. 58 at 3-4 (same). Defendant is subject to a maximum term of supervised release of up to 3 years, minus any revocation sentence. *See* Dkt. No. 41 at 4; Dkt. No. 46 at 2; Dkt. No. 58 at 2.

Here, a sentence of 6 months imprisonment with no additional term of supervised release would accomplish the relevant sentencing objectives, as identified in § 3583(e)(3) and set forth in § 3553(a). Defendant has continually violated his conditions of supervised release despite numerous interventions and opportunities afforded by Probation, and this recommended revocation sentence is intended to

assist Defendant with learning from and avoiding further problematic and criminal behavior in the future. But Defendant would not benefit from an additional term of supervised release under the circumstances.

## Recommendation

Defendant Jeffrey Dean Howard's term of supervised release should be revoked, and he should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 6 months with no additional term of supervised release to follow. The defendant should receive credit for any time served, and the Court should permit Defendant to self-surrender in a few months and should recommend to the Bureau of Prisons that Defendant be placed in FCI Seagoville or, alternatively, within the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: June 23, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE